Scott K. Behrendt (State Bar No. 200217)
sbehrendt@tocounsel.com
Edward E. Johnson (State Bar No.241065)
ejohnson@tocounsel.com
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

David Donahue (*pro hac vice* application forthcoming)
ddonahue@fzlz.com
Jason D. Jones (*pro hac vice* application forthcoming)
jjones@@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-8279
Facsimile: (212) 813-5901

Attorneys for Plaintiffs Fatboy the Original
B.V. and Fatboy USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FATBOY THE ORIGINAL B.V. and FATBOY USA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>THE WOODEN TOYZ D/B/A CHILLOUT BUDDY, MUHSIN KAYIKCI, and JASON BONO,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

# ORIGINAL COMPLAINT

Plaintiffs Fatboy the Original B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendants The Wooden Toyz d/b/a ChillOut Buddy, Muhsin Kayikci, and Jason Bono (collectively "Defendants"), allege as follows:

## SUBSTANCE OF THE ACTION

1. Fatboy is the owner of all rights worldwide in and relating to the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger"), including U.S. Patent Nos. D764,823 and D775,479 (the "LAMZAC Lounger Patents"). Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States. All of the claims asserted herein arise out of and are based on Defendants' brazen and willful infringement of Plaintiffs' intellectual property rights not only in the LAMZAC Lounger Patents, but also in Plaintiffs' copyrights associated with marketing materials for the LAMZAC Lounger.

2. Plaintiffs bring claims for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271; copyright infringement under Sections 106 and 501 of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 106, 501; removal of copyright management information and use of false copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202; unfair competition under Section 43(a) of the U.S. Trademark (Lanham) Act, 15 U.S.C. § 1125(a), and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.

3. Plaintiffs seek injunctive relief to stop Defendants' unlawful distribution and sale of their infringing product, as well as their unlawful use of the LAMZAC Lounger marketing material. Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss, an accounting and award of Defendants' profits flowing from their infringing activities, statutory damages

1 under Section 1203 of the DMCA, prejudgment interest, costs and attorneys' fees,
2 and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1332, and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338(a) & (b).

5. This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure § 410.10 because, upon information and belief, (i) Defendants reside in the State of California; (ii) Defendants regularly do and solicit business within the State of California; (iii) Defendants have engaged in the marketing, promotion, advertising and offering for sale of their infringing product within the State of California, including via their interactive ecommerce website; and (iv) Defendants have committed torts in the State of California, namely the marketing, promotion, advertising, sale and/or offering for sale of their infringing product in California, in violation of Plaintiffs' rights.

6. Venue is proper under Section 1391(b) and 1400 of the Judicial Code, 28 U.S.C. §§ 1391(b), 1400, as Defendants reside and may be found in this District, and have committed acts of infringement and have a regular and established place of business within this District.

## THE PARTIES

7. Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

8. Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

9. Upon information and belief, Defendant The Wooden Toys d/b/a ChillOut Buddy, is an entity organized and existing under the laws of California,

1 which has a place of business at 1900 S. Campus Avenue, #39a, Ontario, California
2 91761.

3     10.    Upon information and belief, Defendant Kayikci is an individual and
4 resident of California. Upon information and belief, Kayikci is an officer and/or
5 director of ChillOut Buddy.

6     11.    Upon information and belief, Defendant Bono is an individual and
7 resident of California. Upon information and belief, Bono is an officer and/or
8 director of ChillOut Buddy.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### I. THE LAMZAC LOUNGER PATENTS

#### A. Plaintiffs' Design Patents in the LAMZAC Lounger

12. Mr. Marijn Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger.

13. Mr. Oomen has assigned to Fatboy all of his rights in the design of the LAMZAC Lounger, as well as his copyrights in all marketing materials for LAMZAC Lounger.

14. The LAMZAC Lounger Patents each depict the design of a lounger. Profile views of the patented designs as they appear in the LAMZAC Lounger Patents are shown below:

U.S. Patent No. D764,823



U.S. Patent No. D775.479

15. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the LAMZAC Lounger Patents in the United States.

16. The LAMZAC Lounger Patents each claim a priority date of January 28, 2015, based on Fatboy's Registered European Community Design No. 002621904-0001.

### B. Plaintiffs' Copyrights in the LAMZAC Marketing Material

17. Mr. Oomen is the author of numerous photographs and videos of the LAMZAC Lounger, which images were subsequently used in connection with the advertisement, promotion, and sale of the LAMZAC Lounger.

18. Mr. Oomen created these works in the Netherlands. His copyrights in the LAMZAC Lounger marketing materials were assigned to Fatboy and Fatboy USA is the exclusive licensee of those copyrights.

## II. DEFENDANTS' INFRINGING ACTIVITIES

19. On information and belief, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported an inflatable lounger called the "ChillOut Buddy" (the "Infringing Product"), with a design that is substantially the same as the designs depicted in the LAMZAC Lounger Patents. An example of the Infringing Product is shown below:



Breeze Blue

20. Upon information and belief, Defendants market and sell their Infringing Product online at its website, https://chilloutbuddy.com, as well as at various fairs and shows throughout the United States.

21. In addition, without Plaintiffs' authorization, Defendants have displayed exact copies and digitally-altered versions of Plaintiffs' LAMZAC Lounger marketing materials, examples of which are shown below:

| Fatboy Original Images | ChillOut Buddy Copied Images |
|---|---|
| | |
| | |

(collectively, the "LAMZAC Marketing Materials").

22. Upon information and belief, Defendants have used these images not only on their website but also in social media posts and Internet advertising. Through this conduct, Defendants have falsely represented that Plaintiffs' proprietary LAMZAC Marketing Materials depict Defendants' Infringing Product.

23. Upon information and belief, Defendants engaged and continue to engage in the above activities willfully, with the knowledge that the design of the Infringing Product is substantially same as the designs depicted in the LAMZAC Lounger Patents without authorization.

24. Defendants are not related to or affiliated with Plaintiffs in any way. Defendants have not received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

25. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:

### DESIGN PATENT INFRINGEMENT
### IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D764,823)

26. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

27. Fatboy owns U.S. Patent No. D764,823, which issued on August 30, 2016. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the design set forth in U.S. Patent No. D764,823 in the United States.

28. U.S. Patent No. D764,823 is valid and subsisting.

29. Upon information and belief, Defendants, without authorization from Plaintiffs, have distributed, advertised, promoted, offered for sale and sold the Infringing Product, the design of which is substantially the same as the design set forth in U.S. Design Patent No. D764,823, and embodies the design protected by such patent.

30. Defendants' Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D764,823 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendants' designs to be substantially the same and would be deceived into believing that the Infringing Product is the same as Fatboy's patented design.

31. By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D764,823.

32. Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

33. Defendants' conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

34. Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

## SECOND CLAIM FOR RELIEF:

### DESIGN PATENT INFRINGEMENT
### IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D775,479)

35. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

36. Fatboy owns U.S. Patent No. D775,479, which issued on January 3, 2017. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the design set forth in U.S. Patent No. D775,479 in the United States.

37. U.S. Patent No. D775,479 is valid and subsisting.

38. Upon information and belief, Defendants, without authorization from Plaintiffs, have distributed, advertised, promoted, offered for sale and sold the Infringing Product, the designs of which is substantially the same as the design set forth in U.S. Design Patent No. D775,479 and embodies the design protected by such patent.

39. Defendants' Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D775,479 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendants' designs to be substantially the same and would be deceived into believing that the Infringing Product is the same as Fatboy's patented design.

40. By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D775,479.

41. Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

42. Defendants' conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

43. Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

### THIRD CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

44. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

45. The LAMZAC Marketing Materials are original and creative works of visual art that were authored in the Netherlands and are protected under U.S. Copyright Law. Fatboy is the owner by assignment of all rights under U.S. copyright in the LAMZAC Marketing Materials and Fatboy USA is the exclusive licensee of all such rights.

46. Defendants, without Plaintiffs' authorization or consent, have advertised, reproduced, and/or displayed the LAMZAC Marketing Materials on Defendants' website and social media and Internet advertising.

47. Defendants had access to the LAMZAC Marketing Materials.

48. Defendants have violated and, upon information and belief, continue to violate, Plaintiffs' exclusive rights in the LAMZAC Marketing Materials under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

49. Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

50. Defendants' infringement of Plaintiffs' exclusive rights in the LAMZAC Marketing Materials has caused Plaintiffs damage, and has enabled Defendants to profit illegally therefrom.

51. Defendants' copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:

### VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT, 17 U.S.C. § 1202

52. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

53. Defendants have intentionally removed copyright management information ("CMI")—namely, the FATBOY name—from the LAMZAC Marketing Materials.

54. Defendants have intentionally used false CMI—namely, the CHILLOUT BUDDY name and mark—in connection with the LAMZAC Marketing Materials.

55. Upon information and belief, Defendants removed CMI and/or inserted false CMI in order to facilitate or conceal the infringement of Plaintiffs' copyrights in the LAMZAC Marketing Materials.

56. Defendants have violated and, upon information and belief, continue to violate, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

57. Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

58. Defendants' violation of the DMCA has caused Plaintiffs damage, and has enabled Defendants to profit illegally therefrom.

59. Defendants' infringement has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF:

### UNFAIR COMPETITION
### IN VIOLATION OF 15 U.S.C. § 1125(a)

60. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

61. Defendant has engaged in bait-and-switch advertising by using the LAMZAC Marketing Materials, which depict the LAMZAC Lounger, to promote sales, and then delivering to purchasers Infringing Products instead of genuine LAMZAC Loungers.

62. Defendants' conduct constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Infringing Product.

63. As a result of the foregoing, Defendants have engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

65. Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:

### UNFAIR COMPETITION
### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *et seq*

66. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

67. The aforesaid conduct of Defendants – patent infringement, bait-and-switch unfair competition, copyright infringement, and violation of the DMCA – constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

68. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. Permanently enjoining and restraining Defendants, their agents, servants, employees, successors, and assigns and all those in active concert or participation with it, from:

(a) infringing or inducing infringement of the LAMZAC Lounger Patents;

(b) Infringing the LAMZAC Marketing Materials, including, without limitation, by reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing or exporting any works copied or derived from the LAMZAC Marketing Materials;

(c) Removing or altering any CMI from, or providing or distributing any false CMI in connection with, the LAMZAC Marketing Materials; or

(d) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) – (c) above.

2. Directing that Defendants turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendants, all materials in their possession or control that violate the provisions of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

3. Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a) above, and that Defendants deliver up to Plaintiffs for destruction all materials returned to it.

4. Directing that Defendants file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which they have complied with the permanent injunction.

5. Awarding Plaintiffs all damages sustained as a result of Defendants' infringement described above, together with appropriate interest thereon and that such sums be trebled pursuant to 35 U.S.C. § 284.

6. Awarding Plaintiffs the total profits realized by Defendants from their infringement described above pursuant to 35 U.S.C. § 289.

7. If Plaintiffs so elect and as the Court considers just, awarding Plaintiffs statutory damages of up to $25,000 per violation of the DMCA pursuant to 17 U.S.C. § 1203(c)(3)(B).

8. Granting Plaintiffs punitive damages.

9. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(4)-(5), and 35 U.S.C. § 285.

10. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

11. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

DATED: July 12, 2017

THEODORA ORINGHER PC

By: /s/ Scott K. Behrendt
Scott K. Behrendt
Edward E. Johnson
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

David Donahue (*pro hac vice* application forthcoming)
Jason D. Jones (*pro hac vice* application forthcoming)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-8279
Facsimile: (212) 813-5901

Attorneys for Plaintiffs Fatboy the Original B.V. and Fatboy USA, LLC